IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LIOR BLAS, aka LEO BLAS,

                    Appellant,

      vs.

NACOLE M. JIPPING, and U.S.
TRUSTEE,

                    Appellees.

Case No. 3:23-cv-00051-JMK

**ORDER**

Appellant Leo Blas appeals *pro se* from a March 2023 Order of the U.S. Bankruptcy Court dismissing his case.[1]  Appellees did not file a brief on appeal.  The Court has determined that oral argument in this matter is unnecessary, as the facts are adequately presented in the briefs and record, and the Court's decisional process, would not be significantly aided by oral argument.[2]  It enters the following order.

## I.  BACKGROUND

This appeal is one of a series of challenges to Bank of America's right to enforce a recorded deed of trust.  Indeed, the United States Bankruptcy Court for the District of Alaska took judicial notice of dockets in Mr. Blas's pending Chapter 7

---

[1]  Docket 1.
[2]  *See* Fed. R. Bankr. P. 8019(b).

Bankruptcy matter, Case No. 17-00411 (Bankr. D. Alaska), and in *Blas v. Bank of America, N.A.*, Adv. Case No. 22-90003 (Bankr. D. Alaska).[3]  It further took notice of three prior Alaska Supreme Court opinions:  *Blas v. Bank of America, N.A.*, No. S-16174, 2017 WL 1379317 (Alaska April 12, 2017); *Blas v. Bank of America, N.A.*, No. S-16933, 2019 WL 1199170 (Alaska March 13, 2019); and *Blas v. Bank of America, N.A.*, No. S-17253, 2019 WL 5061383 (Alaska Oct. 9, 2019).[4]

The debtor, Mr. Blas, originally filed under Chapter 13 to stay a pending foreclosure of real property in Chugiak, Alaska, following unsuccessful state court litigation.[5]  In this first bankruptcy, the bankruptcy court rejected Mr. Blas's objection to Bank of America, N.A.'s ("BANA") proof of claim.[6]  Mr. Blas appealed to this Court, which affirmed the bankruptcy court's decision.[7]  Mr. Blas then converted his original Chapter 13 reorganization into a Chapter 7 liquidation proceeding.[8]  The bankruptcy court entered a Chapter 7 discharge.[9]

Months later, BANA moved for relief from the automatic stay of foreclosure, which the bankruptcy court granted, concluding that evidence of bad faith partially justified relief.[10]  Thereafter, the Chapter 7 trustee and BANA reached a settlement with respect to

---

[3]  Docket 1-1 at 1.
[4]  *Id.*
[5]  *In re Blas*, No. 17-00411, 2018 WL 3343490, at *1 (Bankr. D. Alaska July 5, 2018).
[6]  *See generally id.*
[7]  *Blas v. Bank of America, N.A.*, No. 3:10-cv-00324-RRB, 2020 WL 10319361 (D. Alaska Aug. 17, 2020).
[8]  Docket 1-1 at 2.
[9]  *Id.*
[10]  *In re Blas*, 614 B.R. 334, 343 (Bankr. D. Alaska 2019), *aff'd sub nom. Blas v. Bank of Am. N.A.*, No. 3:10-cv-00324-RRB, 2020 WL 10319361 (D. Alaska Aug. 17, 2020).

Case 3:23-cv-00051-JMK   Document 16   Filed 03/20/24   Page 2 of 5

any claims against BANA.[11]  The bankruptcy court approved this settlement and this Court

affirmed the approval on appeal.[12]  Mr. Blas then appealed the District Court's decision to

the Ninth Circuit Court of Appeals, which affirmed the District Court.[13]

On May 12, 2022, Mr. Blas commenced yet another Chapter 7 proceeding

and sought to enjoin BANA from foreclosing in August 2022.[14]  Initially, the bankruptcy

court denied a request for a temporary restraining order, but Mr. Blas refiled a motion for

a restraining order on August 8, 2022.[15]  While this renewed request was pending, on

August 15, 2022, Mr. Blas filed this Chapter 13 reorganization.[16]  The bankruptcy court

entered a temporary restraining order in the first matter the same day.[17]

BANA moved to dismiss both matters.  In the Chapter 7 case, the bankruptcy

court dismissed all but one claim.[18]  In the case before this Court on appeal, the trustee

moved to dismiss.  The bankruptcy court concluded there was cause to dismiss this case

under 11 U.S.C. § 1307(c) as it was filed in bad faith.[19]

---

[11]  Docket 1-1 at 2.
[12]  *Blas v. Bank of Am. N.A.*, No. 3:20-cv-00271-RRB, 2021 WL 4433166 (D. Alaska Sept. 27, 2021), *aff'd sub nom. Blas v. Bank of Am., N.A.*, No. 21-35832, 2023 WL 4703173 (9th Cir. July 24, 2023).
[13]  *Blas v. Bank of America, N.A.*, No. 21-35832, 2023 WL 4703173 (9th Cir. July 24, 2023).
[14]  Docket 1-1 at 2 (citing *Blas v. Bank of America, N.A.*, Adv. Case No. 22-90003 (Bankr. D. Alaska)).
[15]  Docket 1-1 at 2.
[16]  *Id.*
[17]  *Id.*
[18]  *Id.* at 3.
[19]  Docket 1-1.

## II.   LEGAL STANDARD

This Court has jurisdiction to hear this appeal of the bankruptcy court under 28 U.S.C. § 158(a).  It reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*.[20]  Here, the bankruptcy court's finding of bad faith is reviewed for clear error and its decision to dismiss a case for abuse of discretion.[21]

## III.   DISCUSSION

Mr. Blas argues that his case should not be dismissed following post-judgment developments in his ongoing Chapter 7 case.[22]  Furthermore, he advances several arguments related to the merits of BANA's foreclosure.[23]  Crucially, Mr. Blas does not address the bankruptcy court's decision, which found cause to dismiss the current Chapter 13 case because Mr. Blas filed it in bad faith and as an abuse of the bankruptcy process.[24]

On appeal, this Court reviews the bankruptcy court's decision dismissing the instant case.  Mr. Blas has not challenged the bankruptcy court's finding of bad faith or its conclusion that cause existed that the case be dismissed as a result and thus waives any challenge to the bankruptcy court's dismissal order.[25]  His arguments as to the merits of

---

[20] *In re Schwarzkopf*, 626 F.3d 1032, 1035 (9th Cir. 2010).
[21] *In re Leavitt*, 171 F.3d 1219, 1222–23 (9th Cir. 1999) (first citing *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994), then citing *In re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994)).
[22] Docket 11 at 1.
[23] *Id.* at 1–3.
[24] Docket 1-1 at 8.
[25] *See Rouse v. Abernathy*, No. 23-15140, 2023 WL 3220934, at *1 (9th Cir. Apr. 20, 2023) (summarily affirming a district court judgment because the "appellant fail[ed] to address the basis for the district court's decisions and therefore waive[d] any challenge to the district court's judgment"); *see also Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are deemed abandoned).

*Blas v. Jipping, et al.*                                                      Case No. 3:23-cv-00051-JMK
Order                                                                          Page 4
Case 3:23-cv-00051-JMK   Document 16   Filed 03/20/24   Page 4 of 5

BANA's foreclosure and developments in a separate matter following the bankruptcy court's dismissal order are not material or proper considerations as they do not address the grounds on which the bankruptcy court dismissed the case. Accordingly, the decision of the bankruptcy court is **AFFIRMED**, and this matter is **DISMISSED**.

IT IS SO ORDERED this 20th day of March, 2024, at Anchorage, Alaska.

<u>/s/ Joshua M. Kindred</u>
JOSHUA M. KINDRED
United States District Judge